IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

VALLEY COMMERCIAL CAPITAL, LLC

        Plaintiff,

v.                       CIVIL ACTION NO. 2:13-cv-26862

RADER AVIATION, INC., et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
(*Motion for Summary Judgment*)

Pending before the court is the plaintiff's Motion for Summary Judgment [Docket 36]. The defendants did not file a response opposing this motion, and the time to file a response has now passed. Although Federal Rule of Civil Procedure 55 provides default procedures, those procedures do not govern the failure of a party to respond to a motion for summary judgment. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) ("Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'"). Therefore, even though the motion is unopposed, the court will review the pending motion under its usual summary judgment standard to determine whether the plaintiff is entitled to judgment as a matter of law.

For the reasons set forth below, the plaintiff's Motion for Summary Judgment [Docket 36] is **GRANTED**. Accordingly, the court **DIRECTS** the Clerk to enter judgment in favor of the plaintiff in the amount of $278,310.20, together with all additional interest, costs, fees, and expenses (including reasonable attorney's fees), as may be later established.

I. **Background**

On October 15, 2008, defendant Rader Aviation, Inc. ("Rader") borrowed $324,535.47 from plaintiff Valley Commercial Capital, LLC ("Valley"), as evidenced by a promissory note in favor of Valley ("the Note"). (Compl. [Docket 1] ¶ 6). On the same day, defendants Gerald L. Rader, II, Mary E. Rader, and Darla D. Rader guaranteed Rader's debt. (*Id.* ¶ 12). To secure payment of the debt under the Note, Rader granted Valley a first-position security interest in a 1980 Cessna 421C aircraft. (*Id.* ¶ 14). Subsequently, on October 23, 2008, the parties filed a Security Agreement with the Federal Aviation Administration. (*Id.* ¶ 15).

The Note called for repayment of the debt at a 7.75% interest rate, with monthly payments of $3,913.93 due on the 15th of each month, beginning in November 2008. (*Id.* ¶ 7). However, Rader defaulted on the Note in February 2013, and no payments have been made since April 5, 2013. (*Id.* ¶ 16). On June 25, 2013, Valley provided Rader and the guarantors with Notice of Default. (*Id.* ¶ 17). Finally, on October 25, 2013, Valley filed suit in this court seeking (1) judgment in the amount of $234, 984.32, plus a per diem of $58.23 for every day from October 18, 2013 until the entry of judgment.; (2) judgment for all reasonable attorney's fees, disbursements, and court costs; (3) immediate possession of the aircraft; and (4) post-judgment interest as provided by law. (*Id.* at 5).

On December 2, 2013 this court set a prejudgment hearing pursuant to West Virginia Code § 55-6-1 to determine whether the plaintiff was entitled to immediate possession of the aircraft. (Order Setting Prejudgment Hr'g [Docket 9]). However, the parties resolved this issue on their own, thereby obviating the need for a prejudgment hearing. (Order [Docket 13] (cancelling prejudgment hearing)). More recently, on November 12, 2014, the parties filed a

2

Stipulation, indicating that "the Defendants assert no defense to the Plaintiff's claims in this matter other than the claim that the Plaintiff failed to mitigate its damages" by failing to sell the aircraft that partially secures Rader's debt. (Stipulation [Docket 35]). Subsequently, on November 20, 2014, the plaintiff filed the present Motion for Summary Judgment [Docket 36].

## II.     Legal Standard

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves Humphreys Co.*, 818

3

F.2d 1126, 1128 (4th Cir. 1987); *Ross v. Comm'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *abrogated on other grounds*, *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

### III. Analysis

The plaintiff contends that this case "boils down to just the legal issue of determining the effect of the fact that the Plaintiff has not yet sold the aircraft that secures the subject debt." (Mem. in Supp. of Mot. for Summ. J. ("Mem. in Supp.") [Docket 37], at 3). The defendants have failed to respond to the plaintiff's motion. Therefore, I can only assume that based on the Stipulation previously mentioned, the defendants sole argument is that the plaintiff's failure to mitigate its damages by selling the aircraft bars its pursuit of judgment under the Uniform Commercial Code ("UCC"). Additionally, the plaintiff speculates that the defendants are concerned with the possibility that the plaintiff will receive "an unwarranted double-recovery or windfall" by pursuing cumulative and simultaneous remedies. (*Id.* at 5).

The UCC provides that once default has occurred, a secured party "[m]ay reduce a claim to judgment, foreclose or otherwise enforce the claim, security interest or agricultural lien by any available judicial procedure." W. Va. Code § 46-9-601(a)(1) (2014). The same code section also states that the secured party's rights are cumulative and may be exercised simultaneously. *Id.* § 46-9-601(c). Furthermore, Comment 5 explains that the statute was amended to explicitly provide for simultaneously remedies, as long as the secured party acts in good faith. *Id.* cmt. 5. Accordingly, "[n]othing in the Code prohibits the creditor in possession of the goods from proceeding in a judicial action on the note." *McCullough v. Mobiland*, 228 S.E.2d 146, 148 (Ga. Ct. App. 1976). This interpretation aligns with the UCC's intent "to broaden the options open to a creditor after default rather than to limit them under the old theory of election of remedies." *Id.*

4

The defendants do not deny defaulting on the Note, (Defs.' Combined Answer to Interrogs. [Docket 36-1], at 6), and dispute the plaintiff's calculation of the aggregate amount due only to the extent that they "cannot verify" it because they were never provided with or performed the calculations. (*Id.*). The defendants' only argument is that the plaintiff failed to mitigate its damages by selling the aircraft. However, nowhere in Article 9 does the UCC require a secured party to mitigate its damages. The most significant requirement placed on the secured party in this context is to dispose of the collateral in a commercially reasonable manner. W. Va. Code § 46-9-610(b). Furthermore, multiple jurisdictions have determined that failing to dispose of the collateral prior to seeking judgment is appropriate under the UCC. *See Ctr. Capital Corp. v. Marlin Air, Inc.*, No. 07-15128, 2008 WL 937491, at *5 (E.D. Mich. Apr. 7, 2008) (finding that the express terms of the contract, Michigan caselaw, and the UCC support the conclusion that the plaintiff "can simultaneously obtain a money judgment and foreclose its lien"); *see also Okefenokee Aircraft, Inc. v. PrimeSouth Bank*, 676 S.E.2d 394, 397 (Ga. Ct. App. 2009) (finding that the Bank's "election to repossess the collateral and then to file suit on the Note without first disposing of the collateral" was proper under the terms of the Note and the UCC); *see also Kimura v. Wauford*, 715 P.2d 451, 454-55 (N.M. 1986) (holding, as a matter of first impression, "that the plaintiffs are entitled to take possession of the collateral for the purpose of preserving it and in addition may sue on the note for money judgment").

Whether the plaintiff has acted in a commercially reasonable manner is not an issue currently before the court, given that disposition of the collateral has yet to take place. *See Dorman v. Morris*, 519 N.W.2d 685, 687 (Wis. Ct. App. 1994) (noting that whether the plaintiffs acted with commercial reasonableness is not currently at issue). "The only issue before this

5

[c]ourt is whether the [plaintiff] is entitled to a money judgment in the full amount of the indebtedness of the Note[.]" *Okefenokee*, 676 S.E.2d at 397. However, if the plaintiff fails to proceed in a commercially reasonable manner with respect to its handling of the repossessed aircraft, the defendants may have a viable cause of action for damages. *See id.* Additionally, with regard to the possibility of double-recovery—an argument the plaintiff makes for the defendant—the UCC forecloses this possibility by requiring "that the creditor proceed in a commercially reasonable manner and account to the defendant for the proceeds of the sale of the collateral." 68A Am. Jur. 2d *Secured Transactions* § 445 (2014); *see also* W. Va. Code § 46-9-608 (requiring a secured party to account and pay a debtor for any surplus).

Lastly, the plaintiff has provided an affidavit from Valley's vice president, John A. Cina, explaining the plaintiff's calculations of the aggregate amount due. (Aff. [Docket 36-3]). The affidavit accounts for the principal, interest, legal fees,[1] and late charges, totaling $274.889.48. (*Id.*). In its present motion, the plaintiff also accounts for the 72 days that have passed since Mr. Cina's affidavit was filed, bringing the total, as of November 20, 2014, to $278,310.20. (Mem. in Supp. [Docket 37], at 3).[2] In conclusion, I **FIND** no genuine issue of material fact as to the defendants' default and the aggregate amount due on the Note.

IV.     Conclusion

For the reasons set forth above, the plaintiff's Motion for Summary Judgment [Docket 36] is **GRANTED**. Accordingly, the court **DIRECTS** the Clerk to enter judgment in favor of the

---

[1] In Paragraph 11 of the Complaint, the plaintiff alleges it is entitled to recover attorney's fees, as stated in the Note. In their Answer, the defendants do not dispute this allegation, stating only "that the documents speak for themselves[.]" (Defs.' Combined Answer to Compl. [Docket 17] ¶ 5).

[2] The plaintiff's filings appear to indicate that additional "interest, costs, fees, and expenses (including reasonable attorney's fees)" will be established at a later date. (Mot. for Summ. J. [Docket 36]); *see also* Mem. in Supp. [Docket 37], at 5).

plaintiff in the amount of $278,310.20, together with all additional interest, costs, fees, and expenses (including reasonable attorney's fees), as may be later established. Furthermore, the motion hearing previously scheduled for Monday, January 12, 2015 at 11:00 a.m. is **CANCELLED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 7, 2015

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE